# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| SHAUNPEN ZHOU,<br><br>    Plaintiff,<br><br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, et al.,<br><br>    Defendants. | No. C15-1027-LTS<br><br>ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND RESTRAINIG ORDER |

_____

This case is before me on plaintiff's motion (Doc. No. 41) for preliminary injunction and restraining order. For the reasons set forth below, I find that the requested relief is unavailable at this time because the motion is based on facts and claims that are beyond the scope of plaintiff's complaint. As such, the motion must be denied.[1]

## I. BACKGROUND

Plaintiff Shaunpen Zhou filed this action on August 17, 2015. *See* Doc. No. 1. His complaint names two defendants: (1) International Business Machines Corporation (IBM) and (2) Artech Information Systems, LLC (Artech). In general terms, Zhou contends that he is employed by Artech and has been placed by Artech as a temporary employee at IBM since March 18, 2013. Zhou alleges that during his placement at IBM, he has been treated adversely as compared to other employees due to his age. Among other things, he contends that he has been discriminated against with regard to such matters as compensation, working conditions and IBM's refusal to hire him as a direct

---

[1] Plaintiff did not request expedited relief in the manner set forth in this court's local rules. *See* N.D. Ia. L.R. 7(j). Nonetheless, I have elected to rule on the motion immediately to prevent the waste of time and money that would result from having the parties fully brief and argue a motion that, based on the current state of the pleadings, has no chance of success.

employee. He also contends that IBM and Artech have paid him for fewer hours than he actually worked. Counts One and Three of his complaint assert discrimination claims against IBM under the Age Discrimination in Employment Act of 1967 (ADEA). Doc. No. 1 at 30-33. Count Three asserts ADEA discrimination claims against both defendants, while Count Four asserts claims against both defendants under the ADEA and the Fair Labor Standards Act (FLSA) based on Zhou's contention that he has not been paid for all hours worked. *Id.* at 32-33. The complaint includes the following requests for relief:

> 1. A judgment declaring that Defendants discriminated against Plaintiff in violation of 29 U.S.C. §§ 621-634, 29 U.S.C. § 207(a) and § 215;
>
> 2. A money judgment representing compensatory damages, including unpaid wages, unpaid overtime compensation, unpaid night-shift premium, and all other sums of money;
>
> 3. A money judgment representing liquidated damages for Defendants' willful violations of the ADEA and FLSA;
>
> 4. A money judgment representing compensatory damages for physical and emotional distress pursuant to Defendants' willful violations of the ADEA and FLSA;
>
> 5. An Order directing Defendant IBM hire Plaintiff as a regular employee for a position of Senior Subject Matter Expert or equivalent. For purpose of determining IBM employee's wage rate and benefits, all of the years Plaintiff had been working for IBM as a temporary employee shall be counted as his regular IBM employee time;
>
> 6. Award Plaintiff the costs of suit, including reasonable attorneys' fees pursuant to 29 U.S.C. §§ 626(b) and 216(b); and
>
> 7. Such other and further relief as this Court deems just and proper.

*Id*. at 34. With the possible exception of the requested "Order directing Defendant IBM hire Plaintiff as a regular employee," none of these items of requested relief are of an injunctive nature.

Both defendants have filed answers (Doc. Nos. 9, 14) in which they deny liability and assert various affirmative defenses. Trial is scheduled to begin February 27, 2017.

## II. ZHOU'S MOTION

Zhou filed his present motion on March 10, 2016. He contends that IBM and Artech effectively terminated his employment on February 22, 2016, as a retaliatory measure soon after Zhou served his initial disclosures pursuant to Federal Rule of Civil Procedure 26(a). Doc. No. 41-1 at 1-2. Specifically, he alleges that he served his initial disclosures on Friday, February 19, 2016, and was advised by Artech the following Monday that IBM requested his removal from all IBM accounts. Because Zhou's employment with Artech was devoted entirely to serving IBM, Zhou contends that IBM's decision to remove him from all IBM accounts has rendered him unemployed, thus terminating his sole source of income. Zhou alleges that he has no adequate remedy at law and argues that a restraining order and temporary injunction are necessary to preserve the status quo while this case proceeds.

## III. ANALYSIS

### A. *Preliminary Injunction Standards*

The Eighth Circuit Court of Appeals has stated:

> When evaluating whether to issue a preliminary injunction, a district court should consider four factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest.

3

*Roudachevski v. All–American Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011) (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc)). In this circuit, these are often referred to as the *"Dataphase"* factors. In applying these factors, the court must keep in mind that a preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). And, of course, the party seeking injunctive relief bears the burden of proving that it is appropriate. *Roudachevski*, 648 F.3d at 705.

In this case, a threshold question exists as to whether it is even appropriate to consider the *Dataphase* factors. This is because the retaliation claim Zhou raises in his motion – and the preliminary injunctive relief he now seeks – differ from the claims described and the relief requested in his complaint. As noted above, Zhou's complaint raises various age discrimination and wage-and-hour claims. He demands money damages and an order directing IBM to hire him as a direct employee. Doc. No. 1 at 35. Now, however, Zhou seeks relief based on recent, allegedly-retaliatory action and seeks the restoration of his position as an Artech employee working on IBM accounts. Doc. No. 41 at 1.

Zhou has not amended his complaint, nor has he sought leave to do so. Thus, no claim based on any adverse retaliatory action is currently awaiting trial. Even if I accept Zhou's current allegations as true, I must first consider whether it is appropriate for a plaintiff to seek a preliminary injunction that is not based on conduct alleged or claims asserted in the complaint.

### B. The Relationship Requirement

Zhou is not the first plaintiff to seek injunctive relief based on adverse actions allegedly taken in retaliation for the underlying lawsuit. In *Devose v. Herrington,* 42 F.3d 470 (8th Cir. 1994) (per curiam), a state prison inmate filed a Section 1983 action

alleging that he was being deprived of adequate medical treatment. *Id*. at 471. While that case was pending, he sought an injunction to bar prison officials from taking actions that, he claimed, constituted retaliation for his filing of the lawsuit. *Id*. In affirming the district court's denial of the requested injunction, the Eighth Circuit stated:

> Faced with a motion that raised issues entirely different from those presented in Devose's complaint, the district court concluded that Devose had failed to allege circumstances that entitled him to a preliminary injunction, and denied his motion without a hearing. Devose appeals and we affirm.
>
> A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. . . . Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. . . . It is self-evident that Devose's motion for temporary relief has nothing to do with preserving the district court's decision-making power over the merits of Devose's 42 U.S.C. § 1983 lawsuit. To the contrary, Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit.

*Id*. [citations omitted]; *accord Owens v. Severin*, 293 Fed. Appx. 425, 425 (8th Cir. 2008) (unpublished); *Hale v. Wood*, 89 F.3d 840 (8th Cir. 1996) (table). Similarly, the Eleventh Circuit Court of Appeals has explained:

> A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally. A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit. Here, the suit is one for damages on a claim of fraud. In his injunction [plaintiff] sought equitable relief regarding a First Amendment issue, but that relief was not of the same character that could be granted finally, and dealt with a matter that was wholly outside of the issues in the suit. The district court did not err in denying the motion for an injunction.

5

*Kaimowitz v. Orlando, Florida*, 122 F.3d 41, 43 (11th Cir. 1997) (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

The relationship requirement is necessary because the purpose of a preliminary injunction is to impose a provisional remedy that will remain in place until the issues can be decided on their merits at trial. This is precisely why one of the *Dataphase* factors explores the probability that the movant will ultimately succeed on the merits. A preliminary injunction that bears no relationship to the claims and events alleged in the complaint would be unworkable, as the issues giving rise to that injunction will not be addressed, let alone resolved, at trial. Thus, this court has held that the "first step" for a party seeking a preliminary injunction is "the establishment of a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Olham v. Chandler-Halford*, 877 F. Supp. 1340, 1346 (N.D. Iowa 1995); *see also Redd v. Lutgen*, No. C11–3046–MWB, 2013 WL 5757864, at *3 (N.D. Iowa Oct. 23, 2013).

Based on the current state of the pleadings, Zhou has failed the "first step" of the preliminary injunction analysis. His request for an injunction is based on both (a) alleged facts that are outside the scope of his complaint and (b) a legal theory (retaliation) that is not currently part of this case. The preliminary injunction and restraining order he seeks would bear no relationship to the relief requested in his complaint. As such, I find that it is unnecessary to evaluate the *Dataphase* factors. At this time, Zhou's motion is not legally viable.

Of course, in making this finding I take no position as to the merits of Zhou's current allegations. It is certainly possible that the defendants have taken improper, adverse action against him in retaliation for his prosecution of this lawsuit. It is also possible that no such retaliation has occurred. Either way, a request for a preliminary injunction is not, at this time at least, the appropriate procedural mechanism to address Zhou's allegations. Zhou may seek leave to amend his complaint in order to add new

claims and allegations based on recent events. If such a motion is made, and granted, then Zhou will be free to renew his request for a preliminary injunction and restraining order.

## IV. CONCLUSION

For the reasons set forth herein, plaintiff Shaunpen Zhou's motion (Doc. No. 41) for preliminary injunction and restraining order is **denied**.

**IT IS SO ORDERED.**

**DATED** this 11th day of March, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE